**Hearing Date: February 23, 2012**
**Time:10:00 a.m.**

ROSEN & ASSOCIATES, P.C.
Attorneys for Massey Knakal
  Realty of Brooklyn, LLC
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Jeffrey S. Davis

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re                            Chapter 11

ST. CLAIR REALTY LLC,        Case No. 11-46559-jf

                     Debtor.

---------------------------------------------------------x

**NOTICE OF HEARING TO CONSIDER APPLICATION OF MASSEY KNAKAL
REALTY OF BROOKLYN, LLC, EXCLUSIVE REAL ESTATE
AGENT FOR THE DEBTOR AND DEBTOR IN POSSESSION,
FOR A FINAL ALLOWANCE OF COMPENSATION**

PLEASE TAKE NOTICE THAT a hearing to consider the application (the

"**Application**") of Massey Knakal Realty of Brooklyn, LLC, exclusive real estate agent for the

above-captioned debtor and debtor in possession, for a final allowance of compensation as listed

below, for professional services rendered in connection with the chapter 11 case of St. Clair

Realty LLC, the above-captioned debtor and debtor in possession (the "**Debtor**"), is scheduled

for February 23, 2012 at10:00 a.m., or as soon thereafter as counsel can be heard (the

"**Hearing**"), before the Honorable Jerome Feller, United States Bankruptcy Judge, at the United

States Bankruptcy Court for the Eastern District of New York, Courtroom 3554, 271 Cadman

Plaza East, Brooklyn, NY 11201:

| APPLICANT | CAPACITY | COMPENSATION REQUESTED | REIMBURSEMENT OF EXPENSES REQUESTED | PERIOD |
|---|---|---|---|---|
| Massey Knakal Realty of Brooklyn, LLC | Real Estate Agent for the Debtor | $211,620.00 | $0.00 | First and Final Fee Application |

PLEASE TAKE FURTHER NOTICE THAT the Application will be on file with the Clerk of the Court and may be examined by interested parties during the hours established therefor by the Clerk's office.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Applications shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of New York, shall set forth the grounds with specificity, and shall be filed with the Court electronically in accordance with the Electronic Case Filing procedures detailed on the Court's official website at http://www.nyeb.uscourts.gov/cm_ecf.htm by registered users of the Court's case filing system, and by all other parties in interest on a 3.5" disk, preferably in PDF or any Windows-based word processing format (with a hard copy delivered directly to the Judge's chambers), and served upon each of the following parties, so as to be received not later than seven (7) days prior to the Hearing: (i) Rosen & Associates, P.C., 747 Third Avenue, New York, New York 10017, Attn: Jeffrey S. Davis; and (ii) the Office of the United States Trustee, 271 Cadman Plaza East, Suite 4529, Brooklyn, New York 11201, Attn: William E. Curtin, Esq.

Dated:  New York, New York
        February 6, 2012

ROSEN & ASSOCIATES, P.C.
Attorneys for Massey Knakal
Realty of Brooklyn, LLC


By: /s/ Jeffrey S. Davis
    Jeffrey S. Davis

747 Third Avenue

New York, NY 10017-2803
(212) 223-1100

**Hearing Date: February 23, 2012**
**Time: 10:00 a.m.**

ROSEN & ASSOCIATES, P.C.
Attorneys for Massey Knakal
  Realty of Brooklyn, LLC
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Jeffrey S. Davis

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                              Chapter 11

ST. CLAIR REALTY LLC,                              Case No. 11-46559-jf

                         Debtor.
----------------------------------------------------------x

## APPLICATION OF MASSEY KNAKAL REALTY OF BROOKLYN, LLC, REAL ESTATE AGENT FOR ST. CLAIR REALTY LLC, FOR A FINAL ALLOWANCE OF COMPENSATION

TO THE HONORABLE JEROME FELLER,
UNITED STATES BANKRUPTCY JUDGE:

　　　　Massey Knakal Realty of Brooklyn, LLC ("**Applicant**"), exclusive real estate

agent for St. Clair Realty LLC (the "**Debtor**"), as and for its application (the "**Application**") for

a final allowance of compensation for professional services rendered, respectfully represents:

### JURISDICTION AND VENUE

　　　　1.　　　　This Court has jurisdiction to consider this Application pursuant to 28

U.S.C. §§ 157, and 1334. Consideration of this Application is a core proceeding pursuant to 28

U.S.C. § 157(b)(2)(A). Venue of this proceeding is proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409.

### BACKGROUND

　　　　2.　　　　On July 28, 2011 the Debtor filed a voluntary petition for relief under

Chapter 11 of the Bankruptcy Code.

        3.      The Debtor is continuing to operate its business and manage its property as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.

        4.      To date, no trustee or examiner has been appointed in the Debtor's case.

        5.      The Debtor's sole member, Ihab H. Tartir ("**Tartir**"), filed a chapter 11 petition on December 21, 2010 (Case No. 10-51846) to obtain the protection of the automatic stay and to enjoin creditors from enforcing their claims against his property, including his membership interest in the Debtor.  Under a Stipulation of Settlement with New York Community Bank, which was approved by this Court on July 29, 2011, Tartir agreed to cause the Debtor to commence a bankruptcy case and sell its property.

        6.      On August 26, 2011, the Debtor and AS St. Clair LLC ("**AS St. Clair**") entered into a purchase agreement for the sale of the Debtor's real property consisting of the land and building located at 292-294 Atlantic Avenue, Brooklyn, New York, 11217 and certain related property including certain personalty and all residential and non-residential leases related thereto (collectively, the "**Property**") for a net purchase price of $3,527,000, subject to higher or better offers.

        7.      Under the purchase agreement, AS St. Clair agreed to pay at closing, in addition to the net purchase price: (a) a brokerage commission to Applicant in an amount not to exceed 6% of the purchase price ($211,620), subject to the entry of an order of this Court awarding Applicant compensation, (b) New York State and City transfers taxes, and (c) such legal fees awarded to the Debtor's counsel by the Court for its services in connection with the Debtor's bankruptcy, but in an amount not to exceed $70,000.00.

        8.      An auction sale was held on November 1, 2011.  As a result of Applicant's marketing efforts, there were two (2) qualified bidders in addition to AS St. Clair, who was the

2

"stalking horse" bidder. Thor 1001 Third Avenue, LLC ("**Thor**") made the highest bid of $5 million, net of Applicant's commission, transfers taxes and agreed-upon fees for the Debtor's counsel.

9.      On November 1, 2011, the same day as the auction sale, this Court approved the sale to Thor pursuant to a modified purchase agreement, and on November 15, 2011, this Court entered an order approving the sale.

10.      Thor's purchase agreement provides for payment of a brokerage commission to Applicant under the same terms as AS St. Clair's agreement; however, Thor's agreement provides that its obligation to pay the commission shall not exceed $211,620.

## THE RETENTION OF APPLICANT

11.      Pursuant to an order of this Court dated December 29, 2011, the Debtor was authorized to employ Applicant as its exclusive real estate broker nunc pro tunc to May 3, 2011. A copy of the retention order is annexed hereto as Exhibit "A."

## THE PRESENT APPLICATION

12.      At this time, Applicant seeks an allowance of fees in the amount of $211,620.00 for services rendered in the procurement of a purchaser for the Property. A description of the services rendered is set forth in the letter annexed hereto as Exhibit "B."

13.      All of the services for which compensation is sought were rendered or expended solely on behalf of the Debtor and in the discharge of Applicant's responsibilities as exclusive real estate agent for the Debtor.

14.      Applicant marketed the Property for seventeen weeks during which it sent over 15,000 promotional emails to investors, co-brokers and other potential purchasers. Applicant also made 1,425 telephone calls to potential purchasers and directly mailed marketing material to 5,500 owners within the region covered by Brooklyn's Community Board 2 (the

3

region in which the Property is located).  The Property was advertised on six (6) websites,

including Loopnet, CoStar, PropertyShark, RealProspex, PropertyLine and MasseyKnakal.com.

In addition, the Property was advertised via a "For Sale" sign on the Property.

15.     Applicant's efforts resulted in offers from fourteen (14) interested parties,

ranging in amounts from $2,073,000 to $3,527,000, exclusive of Applicant's commission,

transfers taxes and agreed-upon fees for the Debtor's counsel.  At the auction, Thor's bid, which

was almost $1.5 million more than AS St. Clair's stalking horse bid, enabled the Debtor to pay in

full its principal secured creditor.

**COMPLIANCE WITH FEE APPLICATION
GUIDELINES AND BANKRUPTCY RULES**

16.     This Application has been prepared in accordance with (a) the United

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "**Guidelines**"); (b)

Rule 2016 of the Federal Rules of Bankruptcy Procedure; and (c) Local Rule 2016-1 of the Local

Rules of Bankruptcy Procedure for the Eastern District of New York.  An affirmation regarding

such compliance is annexed hereto as Exhibit "C."

**TIME RECORDS**

17.     Due to the nature of the services Applicant renders and the commission-

based structure of its compensation, Applicant does not, in the ordinary course of its business,

maintain time records.  However, in an effort to comply with the Guidelines, Applicant

maintained a description of the services rendered.  This description is set forth in the letter

annexed hereto as Exhibit "B."

**APPLICANT'S REQUEST FOR COMPENSATION**

18.     Under section 330(a)(1) of the Bankruptcy Code, the court may award to a

professional person,

4

> (A)  reasonable compensation for actual, necessary services rendered by the . . . professional person . . . ; and
>
> (B)  reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  In determining the amount of "reasonable compensation" to be awarded, subsection 330(a)(3) of the Bankruptcy Code directs the court to consider several factors.  That subsection provides as follows:

> (3) In determining the amount of reasonable compensation to be awarded to a . . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

19.    Applicant respectfully submits that the compensation requested herein is eminently reasonable.  The services rendered by Applicant were necessary and conferred substantial benefits upon the Debtor, its estate, and its creditors and, in light of (a) the complex

matters addressed, (b) the quality of the services rendered, and (c) the results achieved, the

compensation requested is modest and amply satisfies all of the factors to be considered by this

Court under section 330(a)(3) of the Bankruptcy Code.

## NOTICE

20.    Applicant will serve a copy of this Application, by first-class mail, upon:

(a) the Debtor; (b) the Office of the United States Trustee; (c) all of the Debtor's creditors; (d)

Thor; and (e) all parties in interest who have filed a notice of appearance and request for service

of papers.

## NO PRIOR REQUEST

21.    No prior request for the relief sought in this Application has been made to

this or any other Court.

WHEREFORE, Applicant respectfully requests that this Court: (a) enter an order,

substantially in the form of Exhibit "D" annexed hereto, awarding it fees in the amount of

$211,620.00 for services rendered on the Debtor's behalf; and (b) grant such other and further

relief as may be just and proper.

Dated: New York, New York
       February 6, 2012

ROSEN & ASSOCIATES, P.C.
Attorneys for Massey Knakal
 Realty of Brooklyn, LLC


By: /s/ Jeffrey S. Davis
       Jeffrey S. Davis

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100

6

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                        Case No. 11-46559-JF

ST. CLAIR REALTY LLC,                                         Chapter 11

                                        Debtor.
------------------------------------------------------------x

### ORDER, PURSUANT TO SECTIONS 327(a) ~~AND 328~~(a) OF THE BANKRUPTCY CODE ~~AND BANKRUPTCY RULE 2014~~(a), AUTHORIZING ST. CLAIR REALTY LLC TO EMPLOY MASSEY KNAKAL REALTY OF BROOKLYN, LLC AS ITS EXCLUSIVE REAL ESTATE AGENT NUNC PRO TUNC TO MAY 3, 2011

Upon the application dated November 22, 2011 (the "**Application**") of St. Clair

Realty LLC, the above-captioned debtor and debtor in possession the ("**Debtor**"), for the entry of

an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule

2014(a), authorizing it to employ Massey Knakal Realty of Brooklyn, LLC ("**Massey Knakal**")

as its exclusive real estate agent with respect to the marketing and sale of the Debtor's real

property consisting of the land and building located at 292-294 Atlantic Avenue, Brooklyn,

New York 11217 and certain related property including certain personalty and all residential

and non-residential leases related thereto (collectively, the "**Property**") nunc pro tunc to May 3,

2011; and upon the declaration of Stephen P. Palmese, Director of Sales for Massey Knakal,

annexed to the Application as Exhibit "B" and submitted pursuant to Bankruptcy Rule 2014(a);

and this Court having jurisdiction to consider and determine the Application as a core proceeding

in accordance with 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court, by notice of motion dated November

22, 2011, having scheduled a hearing on the Application on December 22, 2011 at 10:00 a.m.

(the "**Hearing**"), and the Hearing having been held on December 22, 2011; and it appearing that

adequate notice of the Application and the Hearing has been given and that no further notice is

necessary or required; and upon the limited objection of Thor 1001 Third Avenue, LLC; and it

appearing that Massey Knakal represents no interest adverse to the Debtor or its estate in the

matters upon which it will be engaged, that Massey Knakal is a "disinterested person," as that

term is defined in section 101(14) of the Bankruptcy Code, and that Massey Knakal employment

is necessary and would be in the best interests of the Debtor's estate; and after hearing Dahiya

Law Group LLC, attorneys for the Debtor, KaramVir. S. Dahiya, Esq., of counsel, in support of

the Application; and after hearing such other parties whose appearances are reflected in the

record of the Hearing; and after due deliberation, and sufficient cause appearing to me therefore,

it is

> NOW, on motion of Dahiya Law Group LLC, attorneys for the Debtor,

> ORDERED, that notice of the Application and the Hearing thereon is and was

good, adequate, and timely; and it is further

> ORDERED, that the Application is granted ~~in its entirety~~; and it is further

> ORDERED, that the Debtor be, and it hereby is, authorized to employ Massey

Knakal, as its exclusive real estate agent with respect to the marketing and sale of the Property

nunc pro tunc to May 3, 2011; and it is further

> ORDERED, that Massey Knakal shall be compensated and reimbursed only upon

further order of this Court upon the filing of a proper application therefor in accordance with

sections 330 ~~and 331~~ of the Bankruptcy Code.~~; provided, however, that due to the nature of the~~

2

~~services to be provided by Massey Knakal, and the commission-based structure of its~~

~~compensation, Massey Knakal shall not be required to maintain time records.~~

Dated:  Brooklyn, New York
        December 29, 2011

                            s/Jerome Feller
                            UNITED STATES BANKRUPTCY JUDGE

3

Exhibit "B"



**Realty Services**

August 31, 2011

Karamvir Dahiya, Esq.
C/o Ihab Tartir & 292-294 Atlantic Avenue
350 Broadway, Suite 412
New York, NY 10007

<u>RE:  292-294 Atlantic Avenue, Brooklyn, NY 11201</u>

Dear Mr. Dahiya

This letter will serve as a comprehensive understanding of the marketing campaign for the above referenced property for sale.  Since being hired on May 3rd by Mr. Ihab Tartir, we have received <u>14</u> offers on the property and we continue to receive/make double digit phone calls on a daily basis.  The property's strategic corner location, in addition to a 10' x 10' Massey Knakal 'For Sale' sign, are the driving factors for the heightened interest, in addition to the implementation of Massey Knakal's strategic marketing campaign (to be described below).  The long term opportunity to reposition the retail has brought a spectrum of buyers, from developers, high net worth individuals, large retail funds and private equity groups, among others.

Recently, Massey Knakal revealed the sales statistics for NYC for the First Half of 2011, which concludes that the average Price Per Square Foot for mixed-use buildings in Brooklyn was $255; our asking price of $4,000,000 represents a Price Per Square Foot of $532 – over a 50% premium from the rest of the market.

To date, the listing for 292-294 Atlantic Avenue has been placed on 6 national websites, including:  Loopnet, CoStar, PropertyShark, RealProspex, PropertyLine & MasseyKnakal.com – which generates 200,000 page views monthly. We will continue to actively market the property to ensure proper exposure and to maximize the net benefits.

All other correspondence is stated below.  Should you have any questions or comments, please feel free to contact me at 718-307-6552. Thank you.



Realty Services

### Summary of the marketing statistics we have encountered to date:

Weeks of Marketing:  17

| | | |
|---|---|---|
| Investor Email Blast #1: | 500 | 5/10/2011 |
| Co-Broker Email Blast #1: | 1,500 | 5/10/2011 |
| | | |
| Investor Email Blast #2: | 500 | 5/24/2011 |
| Co-Broker Email Blast #2: | 1,500 | 5/24/2011 |
| Property Set Up Mailer #1 | 2,000 | 5/24/2011 |
| | | |
| Investor Email Blast #3: | 500 | 6/7/2011 |
| Co-Broker Email Blast #3: | 1,500 | 6/7/2011 |
| Post Card Mailer #1: | 3,000 | 6/7/2011 |
| | | |
| Investor Email Blast #4: | 500 | 6/21/2011 |
| Co-Broker Email Blast #4: | 500 | 6/7/2011 |
| | | |
| Investor Email Blast #5: | 500 | 7/5/2011 |
| Investor Email Blast #6: | 500 | 7/19/2011 |
| Investor Email Blast #7: | 500 | 7/26/2011 |
| Investor Email Blast #8: | 500 | 8/2/2011 |
| Investor Email Blast #9: | 500 | 8/9/2011 |
| Investor Email Blast #10: | 500 | 8/16/2011 |

| | |
|---|---|
| Outgoing Phone Calls: | 1,425 |
| Direct Mail to CB2 Property Owners: | 5,500 |
| Sign: Installed | 5/11/2011 |

Marketing Packages Distributed: 335
Websites (# of websites the property has been advertised):  6
Tours Conducted:  Access not permitted.

### Offers Received:

| | | |
|---|---|---|
| John Usdan | $4,000,000 | All Cash; 10% deposit; 30 day close |
| Joe Sit | $3,900,000 | All Cash; 5% deposit; 7 days due diligence |
| | | |
| Stuart Venner | $3,800,000 | $1.8M from 1031.  Non contingent upon financing. |
| David Escava | $3,800,000 | All Cash; 5% Deposit; 60 day close |
| Sam Chiu | $3,700,000 | All Cash; 5% Deposit; 7 due diligence; 60 day close |



**Realty Services**

| Avi Zuckerman | $3,500,000 | All Cash; 5% deposit; 60 day close |
|---|---|---|
| Matt Scherr | $3,300,000 | All Cash; 5% deposit; 90 day close |
| Bennat Berger | $3,200,000 | All Cash; 10% deposit; 90 day close |
| Vincent Matassa | $3,000,000 | All Cash; 10% deposit; 90 day close |
| Martin Baumrind | $3,000,000 | All Cash; 5% deposit; 90 day close |
| Sam Frankel | $3,000,000 | All Cash; 5% deposit; 60 day close |
| Brian Elgart | $2,900,000 | All Cash; 5% deposit; 60 day close |
| Carmen Pacheco | $2,500,000 | All Cash; 5% deposit; 90 day close |
| Yvonne Lee | $2,500,000 | All Cash; 5% deposit; 90 day close |

Very truly yours,

Stephen P. Palmese
Director of Sales,
P: (718) 307-6552
F: (718) 238-6091
spalmese@masseyknakal.com

Exhibit "C"

MASSEY KNAKAL REALTY OF BROOKLYN, LLC
Real Estate Agent for the Debtor
 and Debtor in Possession
118-35 Queens Blvd., 14th Floor
Forest Hills, New York 11375
(718) 275-3400

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re                                                    Chapter 11

ST. CLAIR REALTY LLC,                                    Case No. 11-46559-jf

                         Debtor.
-------------------------------------------------------------x

### AFFIRMATION OF STEPHEN P. PALMESE IN SUPPORT OF APPLICATION OF MASSEY KNAKAL REALTY OF BROOKLYN, LLC, EXCLUSIVE REAL ESTATE AGENT FOR THE DEBTOR AND DEBTOR IN POSSESSION, FOR A FINAL ALLOWANCE OF COMPENSATION

I, Stephen P. Palmese, under penalty of perjury, hereby affirm as follows:

1.      I am the Director of Sales for Massey Knakal Realty of Brooklyn, LLC

("**Applicant**"), which firm maintains its office at 118-35 Queens Blvd., 14th Floor, Forest Hills, NY

11375.

2.      I am a licensed real estate agent in the state of New York.

3.      I make this affirmation in support of Applicant's application as exclusive real

estate agent for the above-captioned debtor and debtor in possession (the "**Debtor**"), for a first and

final allowance of compensation (the "**Application**").

4.      I make this affirmation pursuant to Rule 2016 of the Federal Rules of

Bankruptcy Procedure, Rule 2016-1 of the Local Rules of Bankruptcy Procedure for the Eastern

District of New York, and in accordance with the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

adopted on January 30, 1996 (the "**Guidelines**").

5.    I have read the Application and know the contents thereof, and the same are

true to the best of my knowledge.

6.    To the best of my knowledge, neither I nor any agent or associate of Applicant

holds or represents any interest adverse to the Debtor.

7.    No payments have heretofore been made or promised to me or to Applicant

for services rendered or to be rendered in any capacity whatsoever in connection with this case,

except as described in the Application.

8.    No agreement prohibited by Section 155 of Title 18, United States Code has

been made by me or Applicant, and neither I nor Applicant has entered into any agreement, express

or implied, with any other party in interest, including the Debtor, any creditor, equity security

holder, or any of their representatives, or with any attorney for any such party in interest in this

case, for the purpose of sharing or fixing fees or other compensation to be paid to any such party in

interest or their attorneys for services rendered in connection therewith from the assets of the

Debtor's estate, except as set forth herein.

9.    To the best of my knowledge, information, and belief, formed after reasonable

inquiry, the compensation sought in the Application falls within the Guidelines.  The compensation

sought in the Application is in accordance with practices customarily employed by Applicant and

accepted by Applicant's clients, except where such practices are prohibited by the Guidelines.  The

compensation is based on the customary commission arrangements made by comparably skilled real

estate agents in situations other than in cases under title 11.

10.    Applicant has provided a copy of the Application to the Debtor and it has no

objection to the allowance sought thereby.

Dated:  New York, New York
       February 3, 2012

                                        MASSEY KNAKAL REALTY OF
                                        BROOKLYN, LLC
                                        Real Estate Agent for the Debtor
                                         and Debtor in Possession

                                      By: /s/ Stephen P. Palmese
                                            Stephen P. Palmese

                                      118-35 Queens Blvd., 14th Floor
                                      Forest Hills, NY 11375
                                      (718) 275-3400

Exhibit "D"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                            Chapter 11

ST. CLAIR REALTY LLC,                            Case No. 11-46559-jf

                              Debtor.
-----------------------------------------------------------x

### ORDER GRANTING APPLICATION OF MASSEY KNAKAL REALTY OF BROOKLYN, LLC, EXCLUSIVE REAL ESTATE AGENT FOR THE DEBTOR AND DEBTOR IN POSSESSION, FOR A FINAL ALLOWANCE OF COMPENSATION

Upon the application of Massey Knakal Realty of Brooklyn, LLC ("**Massey Knakal**"), exclusive real estate agent for the above-captioned debtor and debtor in possession, dated February 6, 2012, for a final allowance of compensation for professional services rendered (the "**Application**"); and this Court having jurisdiction to consider and determine the Application as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having held a hearing to consider the Application on February 23, 2012 at 10:00 a.m. (the "**Hearing**"); and it appearing that due notice of the Hearing has been given and that no other or further notice need be given; and Thor 1001 Third Avenue, LLC ("**Thor**") having purchased the Debtor's property located at 292-294 Atlantic Avenue, Brooklyn, New York pursuant to a purchase agreement approved by an order of this Court dated November 15, 2011; and it appearing that in accordance with its purchase agreement, Thor is obligated to pay Massey Knakal the amounts awarded to it in respect of the Application; provided, however, that such obligation shall not exceed $211,620.00;

and after hearing Rosen & Associates, P.C., attorneys for Massey Knakal, Jeffrey S. Davis, Esq.,

of counsel, in support of the Application; and after hearing such other parties whose identities are

set forth on the record of the Hearing; and upon the record of the Hearing; and due deliberation

having been had, and sufficient cause appearing therefor, it is hereby

       ORDERED, that the Application be, and hereby is, granted in its entirety; and it is

further

       ORDERED, that Thor be, and it hereby is, authorized and directed to pay Massey

Knakal the amounts set forth in Schedule "A."

Dated: Brooklyn, New York
      February___, 2012


                      _____
                      UNITED STATES BANKRUPTCY JUDGE

**SCHEDULE A(1)**

Case No.:       11-46559-jf
Case Name:   ST. CLAIR REALTY LLC

**FINAL FEE PERIOD:**

| APPLICANT | DATE/ DOCUMENT NO. OF APPLICATION | COMPENSAT REQUESTED | FEES AWARDED | EXPENSES REQUESTED | EXPENSES AWARDED |
|---|---|---|---|---|---|
| Massey Knakal Realty of Brooklyn, LLC | __/__/2012 Document No. __ | $211,620.00 | $ | $0.00 | $ |

SCHEDULE A(1)      DATE: _____          INITIALS: _____ USBJ

3

**SCHEDULE A(2)**

Case No.:        11-46559-jf
Case Name:    ST. CLAIR REALTY LLC

**SUMMARY: ALL FEE PERIODS**
**(Including this period)**

| APPLICANT | DATE/ DOCUMENT NO. OF APPLICATION | FEES REQUESTED | FEES AWARDED | EXPENSES REQUESTED | EXPENSES AWARDED |
|---|---|---|---|---|---|
| Massey Knakal Realty of Brooklyn, LLC | __/__?2012 Document No.__ | $211,620.00 | $ | $0.00 | $ |

SCHEDULE A(2)      DATE: _____          INITIALS: _____ USBJ

4